IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEO G. WOODHOUSE,

    Plaintiff,

v.                                  Civil Action No. 5:06CV114
                                             (STAMP)
MICHAEL J. ASTRUE,[1]
Commissioner of
Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Leo G. Woodhouse, filed an application on November 19, 2003 for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. In the application, the plaintiff alleged disability since April 16, 2003, due to mild scoliosis, severe arthritis, degenerative disc disease, bipolar disorder, and a learning disability.

The state agency denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing before Administrative Law Judge ("ALJ") Richard Pietrowicz was held on April 18, 2006. The plaintiff, represented by counsel, testified on his own behalf. Vocational Expert ("VE") Herbert

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is automatically substituted as the defendant in this action.

Pearis also testified at the hearing. On May 26, 2006, the ALJ issued a decision finding that the plaintiff was not disabled. The Appeals Council denied the plaintiff's request for review on July 28, 2006, rendering the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present action pursuant to 42 U.S.C. § 405(g) seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The plaintiff filed a motion for judgment on the pleadings and the defendant filed a motion for summary judgment. Magistrate Judge Kaull considered the plaintiff's and the defendant's motions and submitted a report and recommendation. In his report, the magistrate judge recommended that the defendant's motion for summary judgment be granted and the plaintiff's motion for judgment on the pleadings be denied.

Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

This Court believes that a reiteration of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section II of Magistrate Judge Kaull's report and recommendation.

In his motion for summary judgment, the plaintiff argues that: (a) the ALJ erred in discounting the claimant's testimony concerning the intensity, duration and limiting effects of his symptoms of pain; (b) the ALJ erred as a matter of law in rejecting the opinion and assessment of the claimant's treating physician; and (c) the ALJ erred in improperly relying upon the vocational expert's responses to an incomplete hypothetical question. The Commissioner contends that the plaintiff's arguments are without

merit and that substantial evidence supports the ALJ's finding that the plaintiff can perform the limited range of light work identified by the vocational expert.

An ALJ's findings will be upheld if supported by substantial evidence. See <u>Milburn Colliery Co. v. Hicks</u>, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" <u>Sec'y of Labor v. Mutual Mining, Inc.</u>, 80 F.3d 110, 113 (4th Cir. 1996)(quoting <u>Consolo v. Fed. Mar. Comm'n</u>, 383 U.S. 607, 620 (1966)).

A.  <u>Credibility of the Claimant's Testimony Regarding Pain</u>

The plaintiff argues that the Commissioner improperly discounted his personal testimony regarding the extent of his pain. Magistrate Judge Kaull found, however, that substantial evidence supports the ALJ's determination that the claimant's allegations of pain and limitation are not entirely credible. This finding is not clearly erroneous. The claimant's reported activities, such as performing odd jobs, doing yard work, and mowing the lawn with a riding mower, are inconsistent with the claimant's statements about the extent of pain and limitation that he suffers. Indeed, the

4

claimant reported to his physical therapist that he feels "much improved" due to physical therapy and is able to work 5-6 hours before his back starts hurting. (R. 220.) Additionally, the reports and findings of both examining physician Dr. Gobunsuy (R. 169) and state agency reviewing physician Wirts (R. 185) support the ALJ's determination that the claimant's complaints regarding the extent of his pain are not entirely credible. Accordingly, there is no clear error in the magistrate judge's finding that substantial evidence supports the ALJ's treatment of the claimant's testimony regarding his pain.

B.  Opinion of Claimant's Treating Physician

The plaintiff next argues that the ALJ erred as a matter of law in rejecting the opinion and assessment of his treating physician, Dr. Browning. Magistrate Judge Kaull concluded that the plaintiff's argument on this point is without merit because the ALJ properly accorded less weight to the opinions of Dr. Browning than is usually due a treating physician. This conclusion is not clearly erroneous.

The opinion of a treating physician is entitled to controlling weight when, among other things, the treating source's medical opinion is well-supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the claimant's case record. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion should be accorded significantly less weight if

it is not supported by clinical evidence or if it is found to be inconsistent with other substantial evidence. Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

In this case, the ALJ's decision to accord less weight to the opinions of Dr. Browning is supported by substantial evidence in the record that Dr. Browning's opinion was not based on a continuing observation of the claimant's condition over a prolonged period of time. See Mitchell v. Schweiker, 699 F.2d 185 (4th Cir. 1983)(a treating physician's opinion should be accorded greater weight because it generally "reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time."). Rather, Dr. Browning expressed the opinion that the claimant was disabled after the claimant made only two office visits for back pain. Additionally, in April 2006, Dr. Browning completed a questionnaire supporting the claimant's application for disability benefits even though Dr. Browning had not seen the claimant for more than two years. Moreover, Dr. Browning's opinion that the plaintiff is disabled is not supported by the record or by the opinion of any other doctor. Accordingly, there is no clear error in the magistrate judge's finding that substantial evidence supports the ALJ's decision to accord less weight to the opinion of Dr. Browning.

C. <u>ALJ's Hypothetical to the Vocational Expert</u>

Finally, the plaintiff argues that the ALJ erred by improperly replying on the vocational expert's responses to an incomplete hypothetical question. Specifically, the plaintiff contends that the ALJ's hypothetical improperly omitted a limitation on sitting or standing in one position for a long period of time and the need to adjust positions or take unscheduled breaks. The plaintiff also argues that the ALJ did not fully address the implications of his psychiatric impairments in his questions to the vocational expert. Magistrate Judge Kaull found that the ALJ included all of the claimant's limitations that were supported by the record in his hypothetical to the vocational expert. This finding is not clearly erroneous.

A question posed to a vocational expert must set out all of the claimant's impairments that are supported by substantial evidence in the record. <u>See</u> <u>Koonce v. Apfel</u>, 166 F.3d 1209 (4th Cir. Jan. 11, 1999). In this case, substantial evidence does not support a finding that the plaintiff requires a sit/stand option or the ability to frequently change positions. Therefore, the ALJ did not err in omitting such limitation from his hypothetical. Further, the ALJ did factor into his hypothetical the claimant's psychiatric need for jobs requiring only simple, repetitive tasks with no need for frequent social interchange. Accordingly, there is no clear error in the magistrate judge's finding that

7

substantial evidence supports the ALJ's hypothetical to the vocational expert.

## IV. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the plaintiff's motion for judgment on the pleadings be DENIED and that the defendant's motion for summary judgment be GRANTED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 19, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE